# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BC LICENSING, LLC,

    Plaintiff,

v.

DMD CHICKEN, LLC, *et al.*,

    Defendants.

Case No.: 2:25-cv-00453-JAD-NJK

**Order**

[Docket No. 62]

Pending before the Court is the parties' stipulation to extend discovery deadlines for 90 days. Docket No. 62.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

A request to extend case management deadlines must provide a "statement specifying the discovery completed." Local Rule 26-3. To allow the Court to make a proper determination of whether the parties have been diligent throughout the discovery period, this statement must include the dates on which all discovery occurred. Such information is absent here. *See* Docket No. 62 at 2-3. Also, the parties fail to provide a specific description of the discovery that remains to be completed, *see* Local Rule 26-3(b). Instead, they submit that the discovery that remains includes "responses to pending discovery requests…additional disclosures…additional written discovery…depositions of the parties…expert disclosures." Docket No. 62 at 3. This statement lacks the required specificity.

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

The stipulation fails to show that any relief from the case management deadlines is warranted. The stipulation seeks relief based on the number of parties and claims in the case, the amount of electronic discovery, and the outstanding discovery that may be necessary for expert reports. *Id*. at 4. However, the stipulation fails to explain why those circumstances justify a three-month extension of deadlines. Such an extension appears excessive on its face in relation to the circumstances identified.

Further, the parties also seek relief because "delaying such [discovery] costs may also promote settlement." *Id*. at 5. It is well-settled that the existence of settlement talks or alternative dispute resolution is generally insufficient to establish good cause for extension of the case management deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022). As settlement discussions are a normal part of a case, they do not constitute a reason not to engage in discovery.

Accordingly, the stipulation is **DENIED** without prejudice. Docket No. 62.

IT IS SO ORDERED.

Dated: June 26, 2025

_____
Nancy J. Koppe
United States Magistrate Judge