1   JOSEPH A. LIEBMAN
    Nevada Bar No. 10125
2   JAROD B. PENNIMAN
    Nevada Bar No. 16299
3   **BAILEY❖KENNEDY**
    8984 Spanish Ridge Avenue
4   Las Vegas, Nevada 89148-1302
    Telephone: 702.562.8820
5   Facsimile: 702.562.8821
    JLiebman@BaileyKennedy.com
6   JPenniman@BaileyKennedy.com

7   XAVIER M. BAILLIARD
    *(ADMITTED PRO HAC VICE)*
8   MARISA RAUCHWAY
    *(ADMITTED PRO HAC VICE)*
9   **CHIESA SHAHINIAN & GIANTOMASI PC**
    105 Eisenhower Parkway
10  Roseland, New Jersey 07068
    Telephone: 973.325.1500
11  xbailliard@csglaw.com
    mrauchway@csglaw.com
12
    *Attorneys for Defendants/Counterclaim*
13  *Plaintiffs DMD Chicken, LLC,*
    *Frederick Burgess and Jack Flechner*
14

15                  **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
16

17  BC LICENSING, LLC, a Nevada limited liability
    company,
18                                                      Case No.  2:25-cv-00453-JAD-NJK
                    Plaintiff,
19                                                      **STIPULATION AND ORDER TO**
            vs.                                            **EXTEND DISCOVERY**
20
    DMD CHICKEN, LLC, a Florida limited liability       **(FIRST REQUEST)**
21  company; FREDERICK BURGESS, an
    individual; and JACK FLECHNER, an
22  individual,

23                  Defendants.

24  ─────────────────────────────────

25  DMD CHICKEN, LLC, a Florida limited liability
    company; FREDERICK BURGESS, an
26  individual; and JACK FLECHNER, an
    individual,
27
                    Counterclaim Plaintiffs,
28
            vs.

BC LICENSING, LLC, a Nevada limited liability company; BCIP, LLC, a Nevada limited liability company; JRS HOSPITALITY, LLC, a Nevada limited liability company; PERRY ROGERS, an individual; SHAQUILLE O'NEAL, an individual; COREY JENKINS, an individual; JOSHUA HALPERN, an individual; MATTHEW SILVERMAN, an individual; SAMUEL STANOVICH, an individual; and MATTHEW PIEKARSKI, an individual,

                    Counterclaim Defendants.

Defendants/Counterclaim Plaintiffs DMD CHICKEN, LLC ("DMD"); FREDERICK BURGESS ("Burgess"); JACK FLECHNER ("Flechner") (collectively, "DMD parties"), Plaintiff/Counterclaim Defendant BC LICENSING, LLC ("BCL") and Counterclaim Defendants BCIP, LLC ("BCIP"); JRS HOSPITALITY, LLC ("JRS"); PERRY ROGERS ("Rogers") SHAQUILLE O'NEAL ("O'Neal"); COREY JENKINS ("Jenkins"); JOSHUA HALPERN ("Halpern"); MATTHEW SILVERMAN ("Silverman"); SAMUEL STANOVICH ("Stanovich"); and MATTHEW PIEKARSKI ("Piekarski") ("BC Counterclaim Defendants") (DMD parties, BCL, and BC Counterclaim Defendants collectively "the "Parties"), by and through their counsel of record, stipulate and agree that all further discovery deadlines be extended beyond the dates set forth in the Court's May 9, 2025 Scheduling Order [ECF No. 42] as set forth more fully below.

Good cause exists to extend discovery deadlines so that the Parties may continue diligently engaging in discovery necessary to determine all material facts related to this matter.

Pursuant to Fed. R. Civ. P. 16(b) and LR 26-3, the Parties state the following:

**A.    THE PARTIES HAVE COMPLETED THE FOLLOWING DISCOVERY:**

1.    All BC Counterclaim Defendants, except for Piekarski, served their Initial Disclosures on May 22, 2025;

2.    BCL served its Initial Disclosures on May 22, 2025;

3.    The DMD parties served their Initial Disclosures on May 22, 2025;

4.    The DMD parties served their First Set of Interrogatories and First Set of Requests for Production of Documents to BCL and all BC Counterclaim Defendants on June 9, 2025;

1    5.    BCL served its First Set of Interrogatories, First Set of Requests for Production of

2    Documents, and First Set of Requests for Admissions to the DMD parties on June 23 and 24, 2025;

3    6.    O'Neal served his First Set of Interrogatories, First Set of Requests for Production of

4    Documents, and First Set of Requests for Admissions to the DMD parties on June 24, 2025;

5    7.    JRS served its First Set of Interrogatories, First Set of Requests for Production of

6    Documents, and First Set of Requests for Admissions to DMD on June 24, 2025.

7    **B.    DISCOVERY THAT REMAINS TO BE COMPLETED:**

8    1.    BCL's Responses to the DMD parties' First Set of Interrogatories and First Set of

9    Requests for Production of Documents are due on July 7, 2025;

10   2.    BC Counterclaim Defendants' Responses to the DMD parties' First Set of

11   Interrogatories and First Set of Requests for Production of Documents are due July 7,

12   2025;

13   3.    DMD's Responses to BCL's First Set of Interrogatories, First Set of Requests for

14   Production of Documents, and First Set of Requests for Admissions are due on July

15   23, 2025;

16   4.    Flechner and Burgess' responses to BCL's First Set of Interrogatories are due on July

17   24, 2025;

18   5.    Flechner and Burgess' responses to O'Neal's First Set of Interrogatories and

19   Admissions are due on July 24, 2025;

20   6.    DMD's responses to JRS' First Set of Interrogatories, First Set of Requests for

21   Production of Documents, and First Set of Requests for Admissions are due on July

22   24, 2025;

23   7.    Production of Documents pursuant to the responses outlined above;

24   8.    Potential supplemental document requests as needed in follow-up to the initial round

25   of discovery;

26   9.    Subpoenas duces tecum and ad testificandum to third parties, including current, former

27   and prospective Big Chicken franchisees across the country, the identities of which

28   are the subject of pending outstanding written discovery requests;

10.    Depositions of all of the named parties in this action, including Fed. R. Civ. P. 30(b)(6) depositions of BCL, BCIP and DMD, all of which still must be scheduled;

11.    Discovery and potential depositions of potential third-party witnesses, such as:

    a.    Current/former/prospective Big Chicken franchisees, who will be identified in documents and/or in answers to interrogatories or depositions;

    b.    Current/former employees or members of BCL who may be identified in documents and/or in answers to interrogatories or depositions;

    c.    Current/former members of BCIP who will be identified in documents and/or in answers to interrogatories or depositions;

    d.    Current/former employees or members of JRS who may be identified in documents and/or in answers to interrogatories or depositions;

    e.    Such other individuals or third parties that may be named or identified in documents and/or in answers to interrogatories or depositions;

12.    Retention and Exchanging of Expert Disclosures, if necessary, based on the exchange of written discovery and documents; and

13.    Expert Depositions, if necessary.

**C.    REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED:**

This case began as a four-party dispute, when BCL sued the DMD parties for breach of contract and related claims. ECF No. 1-2. However, on March 18, 2025, DMD filed a counterclaim against BCL, JRS, BCIP, Rogers, O'Neal, Jenkins, Halpern, Silverman, and Stanovich, adding fraud claims and related claims and eight new parties to the case. ECF No. 6. On April 30, 2025, BCL and BC Counterclaim Defendants filed motions to dismiss the counterclaim. ECF Nos. 32, 34; *see also* ECF No. 37. But on May 24, 2025, the DMD parties filed an amended counterclaim, adding a ninth party, Piekarski. ECF No. 44. The amended counterclaim required BCL and BC Counterclaim Defendants to prepare and file new motions to dismiss. *See* ECF No. 49 at 4 ("the motions to dismiss the now-superseded counterclaims [ECF Nos. 32, 34] are DENIED as moot"). BCL and BC Counterclaim Defendants filed their renewed motions to dismiss on June 9, 2025. ECF Nos. 51 and 52. This motion practice has taken up considerable time.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    Since the Court's Scheduling Order on May 9, 2025, the Parties have diligently engaged in
2    discovery in a good faith attempt to complete party discovery within the time periods set by the
3    Court.  They timely served initial disclosures on May 22, 2025.  And while the parties were filing
4    and responding to pending motions to dismiss as well as amended pleadings and one added party,
5    the Parties prepared and served extensive written discovery on each other in June to begin the
6    discovery process. However, the requested extension is necessary to complete fact discovery that
7    may be necessary for potential expert disclosures, which is set for July 16, 2025.

8    Specifically, the Parties have already exchanged a number of written discovery requests,
9    which seek substantial information and documents regarding, *inter alia*: the operations of the Big
10   Chicken franchise system as a whole, communications with other Big Chicken franchisees across
11   the country, DMD's due diligence and conduct under the various agreements at issue, and the factual
12   basis for the various alleged misrepresentations alleged in the DMD parties' Amended Counterclaim.
13   While the Parties are working diligently on these requests, they call for electronic discovery and
14   require significant work to both respond to and review.  As of now, the Parties are still in the process
15   of responding to each other's discovery requests.  As is the case in much litigation, the claims and
16   defenses are still being developed, and the responses to these pending discovery responses will help
17   the parties determine how to proceed with expert disclosures and which particular subject areas may
18   be appropriate for expert testimony.  Additionally, as the claims in this case and the discovery
19   requests implicate third parties (*e.g.*, other Big Chicken franchisees across the Country), the Parties
20   anticipate third-party discovery, including third-party discovery outside of this jurisdiction.

21   Moreover, Piekarski was only recently served with the Amended Counterclaim and his
22   answer or motion to dismiss is not due until July 7.

23   Until the Parties complete the pending written discovery, they are not yet prepared to
24   complete expert disclosures, and thus, the parties request to continue the expert disclosure deadline
25   by 60 days in order to allow sufficient time to complete written discovery and allow sufficient time
26   for analysis of potential expert testimony.[1]  Additional third-party discovery and depositions may

27

28   [1]    The additional 60 days is also requested because Jarod Penniman—the Bailey Kennedy associated assigned to
     this matter and tasked with part of these duties—recently left the firm for 30 days on paternity leave.

also be necessary for potential expert discovery. In light of the requested expert disclosure extension, the Parties have requested a comparable 60-day extension of the discovery deadline until November 14, 2025, that would allow sufficient time to complete document production, depositions, and potential expert depositions prior to the close of discovery. The Parties have submitted no previous requests for extensions of these deadlines.[2]

**D.      PROPOSED SCHEDULE FOR COMPLETING THE REMAINING DISCOVERY:**

The parties propose the following discovery deadlines:

| | |
|---|---|
| Last Day to Complete Fact Discovery: | November 14, 2025 |
| Deadline for Initial Experts: | September 15, 2025[3] |
| Deadline for Rebuttal Experts: | October 14, 2025 |
| Deadline to File Dispositive Motions: | December 15, 2025[4] |
| Joint proposed pretrial order: | January 12, 2026, or 30 days after resolution of dispositive motions |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS SO ORDERED.
Dated: June 30, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[2]      Pursuant to LR 26-3, the Parties first filed a stipulation to extend all further discovery deadlines beyond the dates set forth in the Court's May 9, 2025 Scheduling Order 21 days before the expert disclosure deadline. ECF No. 62. The Court denied the stipulation without prejudice. ECF No. 63. The Parties now seek to file this revised stipulation.

[3]      60 days from July 16, 2025, is Sunday, September 14, 2025. Monday, September 15, 2025, is the next judicial day.

[4]      60 days from October 14, 2025, is Saturday, December 13, 2025. Monday, December 15, 2025, is the next judicial day.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820